IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| TROY LYNN JONES, #697666 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-351 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| OF TDCJ-CID | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Troy Lynn Jones, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner, who is attacking a judgment and sentence entered by the 23rd District Court of Brazoria County, Texas on July 8, 1991. Petitioner was convicted on a charge of burglary of a building and was sentenced to two years imprisonment in the TDCJ-CID. Attachments to the instant writ indicate that prior to his release in 1993, he was convicted on a separate charge of burglary and sentenced to twenty-five years imprisonment. The instant writ does not challenge the 1993 conviction.

Petitioner plead guilty to the 1991 charge and did not appeal his conviction. On December 1, 2004, he filed a writ of habeas corpus in state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure. Petitioner indicates that the Court of Criminal Appeals reached a final decision on the writ on February 9, 2005. The instant writ was filed in federal court on June 15, 2005.

1

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a prisoner to file his writ of habeas corpus in federal court within one year of the date on which the judgment becomes final or the time to appeal such judgment expires. 28 U.S.C. § 2244(d)(1)(A). However, prisoners whose convictions became final prior to the AEDPA's adoption on April 24, 1996 were given a one-year grace period in which to file federal habeas writs by April 24, 1997. Fisher v. Johnson, 174 F.3d 710, 712 (5th Cir. 1999).

Since Petitioner pled guilty to the charges against him, his conviction became final when the time for appealing the voluntary nature of his plea expired thirty days after his conviction, or on August 8, 1991. Tex.R.App.P. 26.2(1); Soto v. State, 837 S.W.2d 401, 403 (Tex. App. - Dallas 1992). Thus, Petitioner was required to file his habeas writ in federal court by April 24, 1997. The state habeas writ was not filed until 2004, and this writ in 2005, making the instant habeas writ time barred by the AEDPA's statute of limitations.

Having conducted a preliminary review of the instant petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court RECOMMENDS the Petition for a Writ of Habeas Corpus of Troy Lynn Jones (Instrument No. 1) be SUMMARILY DISMISSED as time barred.

The Clerk shall send copies of this Report and Recommendation to the Petitioner by the means in place for transmission of same. Petitioner shall have until July 8, 2005 in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), physically on file in the Office of the Clerk. <u>The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be

forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

DONE at Galveston, Texas, this ___22nd_____ day of June, 2005.

_____
John R. Froeschner
United States Magistrate Judge